# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ERIC JADE BLAIR,**

      **Plaintiff,**

**v.**                                                 **Case No: 6:11-cv-401-Orl-37SPC**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____/

## ORDER

This cause is before the Court for consideration of U.S. Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. No. 21), filed on May 22, 2012, and Plaintiff Eric Jade Blair's Objections to Report and Recommendation (Doc. No. 22), filed on May 30, 2012. Defendant Commissioner of Social Security did not file a response.

## STANDARD OF REVIEW

When a party objects to the magistrate judge's findings, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983) (indicating that although the court must make a de novo determination, a de novo hearing is not required). A de novo determination requires the district judge to consider factual issues on the record independent of the magistrate judge's Report and Recommendation. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). The district

judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

## DISCUSSION

In her Report and Recommendation, Judge Chappell recommended that the decision of the Commissioner be affirmed. Specifically, Judge Chappell found that Administrative Law Judge ("ALJ") Donald B. Fishman's finding that Plaintiff did not meet Listing 12.05 was based on substantial evidence (Doc. No. 21, pp. 11-16) and that his finding of non-disability was based on the proper legal standards and supported by substantial evidence (*Id.* at 16-20).

Plaintiff objects to the Report and Recommendation, urges the Court to not adopt the recommendation of affirmance of the Commissioner's decision, and seeks remand to the Commissioner for further administrative proceedings. (*See generally* Doc. No. 22.) In particular, Plaintiff argues that the ALJ's "failure to include all of Mr. Blair's impairments in the residual functional capacity assessment at step four of the sequential evaluation process and the hypothetical question posed to the vocational expert at step five is reversible error." (*Id.* at 2.) Citing *Winschel v. Commissioner of Social Security*, 631 F.3d 1176 (11th Cir. 2011), Plaintiff contends that the ALJ's hypothetical question to the vocational expert should have included the moderate limitation in maintaining concentration, persistence, and pace found at step two of the sequential evaluation process. Plaintiff represents to the Court that in response to the incomplete hypothetical question, "[t]he vocational expert testified . . . that this hypothetical person would be capable of performing the representative jobs of laundry laborer, cleaner, hand packager and cleaner/housekeeper." (Doc. No. 22, p. 5 (citing Tr. 53-54.).) Plaintiff contends that

"the ALJ did not make a specific finding as to whether the record evidence supports the conclusion that [he] can engage in [repetitive short cycle employment] despite [his] moderate limitations in concentration, persistence and pace." (*Id.* at 7 (internal quotation marks omitted, emphasis omitted, brackets in original).)

Furthermore, Plaintiff submits that "[t]he Magistrate Judge's Report and Recommendation fails to even address Plaintiff's argument that the ALJ's residual functional capacity assessment failed to consider and address the state agency psychologists' opinions." (*Id.* at 10.) "Two state agency psychologists," continues Plaintiff, "opined that Mr. Blair was moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods . . . ." (*Id.* at 11.) Although the ALJ said he gave "significant weight" to these psychologists, Plaintiff argues that "[t]hese opinions conflict with the ALJ's RFC assessment to the extent that the ALJ's RFC assessment does not address Mr. Blair's limitation in completing a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (*Id.* at 11-12.)

After an independent *de novo* review of the record in this matter, including the objections filed by Plaintiff, the Court respectfully disagrees with Judge Chappell's recommendations. As to the first objection, the Court respectfully disagrees with Judge Chappell's conclusion that while the ALJ failed to include such limitations in the hypothetical question, he considered the medical evidence and concluded that <u>despite</u> the concentration, persistence, and pace difficulties, Plaintiff could still do work involving

short repetitive cycle work with limited interaction with the general public.  (Doc. No. 21, p. 18); *see Winschel*, 631 F.3d at 1180 ("[W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations.")  If the ALJ did in fact do so, the record is silent.  It is well established in this Circuit that district courts "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]."  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  After the review of the ALJ's hearing decision, the Court was unsuccessful in locating the ALJ's specific finding indicating that medical evidence suggested that Mr. Blair's ability to work was unaffected by the said limitations, or that he implicitly accounted for them in the hypothetical question.  Therefore, the Court will not substitute its rationale for that of the Commissioner.  *See Ryan v. Heckler*, 762 F.2d 939, 941 (11th Cir. 1985) (stating the district court cannot "conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded to the evidence considered."); *see also Baker v. Comm'r of Soc. Sec.*, 384 Fed. Appx. 893, 896 (11th Cir. June 23, 2010) (reiterating that "a court may not accept appellate counsel's *post hoc* rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order").

Therefore, the Court finds that the ALJ erred because he did not state in his decision that medical evidence supports a finding that claimant could perform basic work activities in spite of his moderate limitation in concentration, persistence, and pace nor did he include, either explicitly or implicitly, those limitations in the hypothetical question.

However, the Court notes that after its review of the hearing transcript (Tr. 54-55), it became apparent that while the ALJ failed to include Mr. Blair's moderate difficulties in maintaining concentration, persistence and pace in his hypothetical question to the vocational expert, Plaintiff's counsel inquired of the vocational expert whether his answer would change if the hypothetical person had those difficulties.[1] (*Id.*)

> Q: The state agency in 8F-11 found the claimant moderately limited in maintaining concentration, persistence or pace. Would that change your opinion on any of the jobs?
>
> A: My understanding of moderate is they're moderate limitation but the person can still perform within an acceptable level. Is that your understanding of that definition[?]
>
> Q: It is.
>
> A: Then I don't think these jobs would be a problem.

(Tr. at 54:25-55:10.) In light of this fact, while it is true that "[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments," *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002), the ALJ's error as to this issue is harmless. Thus, Plaintiff's first objection is overruled.

As to the second objection, the Court finds Plaintiff's arguments persuasive. Pursuant to the same legal authority cited *supra*, the Court sustains the objection and finds that the ALJ committed a reversible error when he failed to include in his RFC determination and the hypothetical question to the vocational expert the two state agency

---

[1] Plaintiff omitted this fact in his brief and his objections to the Report and Recommendation.

psychologists', Ms. Huisentruit's and Mr. Wise's, opinions that Mr. Blair was moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (*See* Tr. 405 & 430.)  Again, it may be that the ALJ found that the medical evidence showed that despite this limitation he could still perform repetitive short cycle jobs, but this Court will not speculate.  *See Winschel*, 631 F.3d at 1179 ("It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence.")  Also, "[t]he ALJ's failure to discuss the pertinent elements of the examiners' opinions suggest[s] that those elements were not considered."  *Id.* at 1179 (internal quotation marks and citation omitted).  Therefore, Plaintiff's objection on this ground is sustained.  The ALJ's hypothetical question to the vocational expert was deficient in this regard and the ALJ's decision based on the vocational expert's testimony was not based on substantial evidence.

**CONCLUSION**

Based on the foregoing, it is **ORDERED** as follows:

1. The Report and Recommendation filed on May 22, 2012 (Doc. No. 21) is **ADOPTED** in part and **REJECTED** in part.  The Report and Recommendation is adopted and made a part of this order to the extent not otherwise addressed in this Order.

2. Pursuant to sentence four of 42 U.S.C. § 405(g), Defendant Commissioner of Social Security's decision is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order.

3. The Clerk is hereby directed to enter judgment in favor of Plaintiff and against the Commissioner, and, thereafter, close this case.

**DONE** and **ORDERED** in Orlando, Florida on August 18, 2012.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record